WILLIAM BELLE, III, BY HIS GUARDIAN AD LITEM, WILLIAM BELLE, JR., AND WILLIAM BELLE, JR., INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. UNITED HOSPITAL MEDICAL CENTER, A/K/A UNITED HOSPITAL OF NEWARK; SHYAN C. SUN, M.D.; G. REYES HO, M.D.; AND RUDOLPH MESSINA, M.D., DEFENDANTS-APPELLANTS, AND DONALD ONIFER, M.D., DEFENDANT.

Argued October 20, 1981—Decided July 29, 1982.

*John P. McGee* argued the cause for appellants United Hospital Medical Center, etc., and Shyan C. Sun, M.D. (*McDermott & McGee*, attorneys).

*Patricia J. Cooney* argued the cause for appellant Rudolph Messina, M.D. (*Shanley & Fisher*, attorneys; *Jeffrey A. Peck* and *Susan M. Sharko*, on the brief).

*Neil Reiseman* argued the cause for appellant G. Reyes Ho, M.D. (*Conway, Reiseman, Bumgardner, Hurley & Kleinfeld*, attorneys).

*Bryan D. Garruto* argued the cause for respondents (*Heilbrunn, Finkelstein, Heilbrunn, Garruto & Galex*, and *Morgan, Melhuish, Monaghan & Spielvogel*, attorneys; *John I. Lisowski*, on the brief).

The opinion of the Court was delivered by

CLIFFORD, J.

This case, like *Goddard v. Orthopedic Consultant Associates*, 90 *N.J.* 437 (1982) (hereafter *Goddard*), decided this day, presents the issue of under what circumstances answers to interrogatories may be amended in cases involving *R.* 4:21 medical malpractice panels.

Plaintiffs allege that the defendants' care and treatment of William Belle, III in the weeks immediately following his birth did not conform to accepted medical standards in that defendants failed properly to diagnose and treat the osteomyelitis from which William suffered.

After the usual period of discovery, the case was presented to a *R.* 4:21 panel on November 16, 1980. On December 5, 1980, before the panel had rendered a decision, plaintiff's attorney sent a letter to the attorneys for the other parties in which he named an additional expert witness, Dr. Edwin Geyer Brown, and gave a brief summary of Dr. Brown's opinion. On December 19, 1980, plaintiffs moved to have the report of Dr. Brown submitted to the panel. In a letter opinion dated December 23, 1980, the panel judge denied that motion.

On February 17, 1981, the Appellate Division granted plaintiffs' motion for leave to appeal and summarily ordered that Dr. Brown's report be received by the panel, whose decision was to be stayed until that report and any of defendants' responding reports had been submitted. Thereafter, we granted defendants' motion for leave to appeal from the order of the Appellate Division.

At the outset it is important to note the difference between this case and *Goddard*. In *Goddard* there was an attempt to name a new expert after the panel had issued a unanimous decision, which was admissible at trial. *R.* 4:21–5(e). In the instant matter the attempt to name a new expert occurred after the panel hearing but before its decision.

As we stated in *Goddard, R.* 4:21 seeks to accomplish two objectives: to expedite the progress of medical malpractice cases

through the courts, and to identify those cases that are candidates for early settlement. A unanimous panel finding encourages early settlement, since such a finding is admissible at a subsequent trial. *Goddard, supra,* 90 *N.J.* at 440. We held in *Goddard* that both of those objectives would be thwarted by permitting a new expert to be named after a unanimous panel finding and that therefore *R.* 4:21 should be read to proscribe naming a new expert after a unanimous panel decision. *Id.* at 440.

■ In this case we cannot say, as we did in *Goddard,* that the second objective—encouraging settlement through the admissibility of a unanimous panel decision at trial—would be adversely affected since no panel decision has yet been rendered. Hence, our decision on the issue presented here comes down to a determination of whether achieving the objective of resolving medical malpractice cases expeditiously requires that *R.* 4:21 be interpreted to preclude the naming of a new expert after the panel hearing has been conducted but before its decision is forthcoming. We conclude that it does.

It cannot be disputed that one of the principal problems that the current *R.* 4:21 was intended to solve was the long delay in completing discovery. The 1978 Report of the Supreme Court's Committee on Relations with the Medical Profession made reference to this objective when it recommended adoption of the current rule, referring particularly to the delay caused by "late experts." 101 *N.J.L.J.* 451 (1978). If there is one theme that runs through the subsections of the rule, it is that every effort should be made to dispose of medical malpractice actions expeditiously.

Particularly noteworthy is the provision of *R.* 4:21–5(b), which states:

> The parties shall submit all written material including the original or copies of hospital records and other reports on which they shall rely to the members of the

panel no later than ten (10) days prior to the hearing by filing same with the presiding judge.

It could not be more obvious that this rule contemplates that at the time of the hearing, the panel would have before it all of the fruits of the pretrial discovery process that relate to liability.

By requiring all parties to submit such materials prior to the panel's hearing, *R.* 4:21 exposes no one to any greater prejudice than would occur if the parties had been required to submit the same information by a "day certain" under *R.* 4:17–4(e).[1] The *R.* 4:21 procedures require merely that the parties act diligently to ensure that the case they wish to present to the panel is fully prepared before the date of the panel hearing.

█ We hold, therefore, that as to future cases, parties will not be permitted to present new evidence to the panel after the panel hearing has taken place but before its decision. In this case, however, considering the confusion that may have existed, we have decided to apply this holding prospectively only. See *Goddard, supra,* 90 *N.J.* at 443. We therefore affirm the order of the Appellate Division permitting plaintiffs to submit Dr. Brown's report, as well as defendants' responding reports, for the panel to consider before making its determination.

Affirmed. Costs to abide the event.

*For affirmance*—Chief Justice WILENTZ and Justices PASHMAN, CLIFFORD, HANDLER, POLLOCK and O'HERN —6.

*For reversal*—None.

---

[1] We recommend here, as we did in *Goddard,* that the pretrial judge in medical malpractice cases set a "day certain" for filing reports under *R.* 4:17–4(e). Although the pretrial order in the instant case did set a date before which experts' reports were to be submitted, it is not clear from the record whether this was intended to bar the testimony of those whose reports were not submitted by that date. We have assumed that it was not so intended.